## THEODORO TREVINO v. HENRY HEIN.

### COURT OF APPEALS, GALVESTON TERM, 1884.

*Contract—Failure of consideration—Case stated.*--This was a suit brought by the appellant in the county court of Webb county, to recover from the appellee the value of a draft delivered to appellant by appellee for certain cattle, payment of which draft was stopped by appellee after he had received the cattle on the warranty of appellant, and they had been seized by an officer of the United States government as having been smuggled from Mexico. The answer of the appellee admitted the appellant's cause of action, but pleaded a total failure of consideration, averring in effect that he purchased the cattle and delivered the draft; that the appellant warranted the title thereto; that he thereupon drove the cattle to Webb county where they were seized as smuggled property, of which appellant received notice; that appellant had notice, and that the said cattle had since been withheld from him. Appellee further pleaded in reconvention for damages. These pleas were excepted to by appellant, and the exceptions, except as to actual damages were overruled. The appellant insists that the appellee should not only have alleged a seizure, but as well the judgment of a court of competent jurisdiction declaring the character of the cattle, and that appellant had notice, and an opportunity to come into court and defend his title, as provided by Art. 3076 of the U. S. Rev. Stats. *Held,*

1st. That while the appellee had the right to proceed under the statute named, he was not bound to make such claim and have the same adjudicated before he could set up a [failure of consideration in the contract as against the cause of action.

2d. That the buyer may use a breach of warranty as a defence in an action for the price, or he may maintain a direct action for damages for the breach without in either case giving notice to the seller.

3d. That where property is taken from the buyer by a right superior to that conveyed by the seller, there is at once a breach of warranty and the right of the buyer to recover attaches at once.

4th. That the seizure of the cattle by an authorized officer of the United States was prima facie legal, and devolved the burden of proving it illegal upon the claimant, which burden the buyer was not bound to assume, but he was competent to rely on his warranty.

5th. That while the plea of failure of consideration is not so full as it might be it is sufficient to state a good and valid defense, and that the plea in reconvention is sufficient to allege resulting damages of the breach of the warranty.

6th. That the charge of the court taken as a whole, and that the evidence is sufficient to sustain the judgment. See the opinion in *extenso*, on the questions involved.

Appeal from Webb county.

*Tarver & Nicholson*, for appellant.

*E. F. Hall*, for appellee.

Opinion by Willson, J.

Appellant sold appellee thirty-five head of beef cattle for the sum

of $490, for which amount appellee gave appellant a check upon bankers in Laredo. Appellant executed to appellee a bill of sale of the cattle, in which he warranted his title to the same. Appellee received the cattle in Zapata county, at the ranch of appellant, and drove them into Webb county where he, appellee carried on the business of butchering. In a short time after the cattle had been driven into Webb county, they were seized by officer of customs of the United States, as property which had been smuggled into the United States from Mexico, without the payment of legal duties, in violation of the laws of the United States. Appellee applied to the deputy United States collector of customs at Laredo, to have the cattle released from such seizure, which application was refused, and the cattle were forfeited to the government, and appellee realized nothing from them. Appellee however, when he demanded the release of the cattle, did not tender any bond in support of his claim to them. Appellee proved that he notified appellant of the seizure of the cattle, and called upon him to make good his title thereto; which he failed and refused to do. Appellant proved by his own testimony that he did not receive such notice, and that he had no knowledge of the proceeding to forfeit the cattle as smuggled property. Upon this question of notice to appellant of the seizure, &c., of the cattle, the evidence is conflicting.

When the cattle were seized, appellee notified the bankers upon whom he had drawn the check in appellant's favor for the purchase price of said cattle, to not pay the same, and they accordingly refused to pay the same; whereupon appellant instituted this suit against appellee to recover the said purchase price of said cattle. Appellee in his answer, admitted the plaintiff's cause of action, but pleaded a total failure of consideration, his plea being as follows, viz : "That on the 19th day of January, 1881, plaintiff sold and delivered to defendant in the county of Zapata, Texas, thirty-five head of beef cattle of the value of four hundred and ninety Mexican dollars, or fourteen dollars per head, for which said sum of money defendant then and there executed and delivered to plaintiff his draft in writing in plaintiff's petition set forth; that at the time of the sale and delivery of said beef cattle by plaintiff to defendant, and the payment therefor by defendant with the draft as aforesaid, plaintiff warranted the title of said cattle to defendant, and the pos-

session and ownership of said cattle as good and lawful in him the said plaintiff; that defendant immediately upon the sale and delivery of said cattle to him by plaintiff, drove the same to and within the county of Webb, where defendant resides, where, on the 26th day of January, 1881, the said beef cattle were forcibly taken from the possession of this defendant and seized as being smuggled into the United States in violation of the Revenue Laws of said United States, the said seizure being then and there in the county of Webb, aforesaid, made by one Thomas O. Sheldon, a mounted inspector of customs in the actual service of the United States, against the protest of this defendant, then and there depriving defendant of the use, possession and benefits and profits of and from the same, of all of which plaintiff then and there had notice; and defendant avers that the beef cattle aforesaid, and the possession, use or value of the same, have since been, and are still being withheld from him, and defendant solemnly avers that the fact of the cattle aforesaid, being so smuggled, was not within the knowledge of defendant until the seizure as aforesaid was made.

Wherefore, defendant says that the consideration for which said draft or instrument of writing was given, has wholly failed, &c." This plea was sworn to by the defendant, and upon general exception made to it by the plaintiff, was held to be a good and sufficient plea of failure of consideration.

Appellee further pleaded in reconvention for damages actual and exemplary, which plea was also excepted to by the plaintiff, and said exceptions was overruled as to the actual damages, and sustained as to the exemplary damages. Upon a trial by jury verdict and judgment were rendered in favor of the defendant sustaining his plea of a failure of consideration, and also for actual damages under his plea in reconvention, for the sum of $250.

The first question demanding our consideration is, did the court err in overruling the plaintiff's general demurrer to the defendant's plea of failure of consideration ? Considering as true, the facts as alleged in this plea, do they constitute a valid legal or equitable defence to the plaintiff's cause of action ? It is shown by the plea, 1st, that plaintiff warranted the title to the cattle; 2nd, that the cattle were seized and taken from defendant by an officer of customs because they had been brought into the United States from

Mexico by the plaintiff, without complying with the revenue laws; 3rd, that plaintiff was notified of the seizure by the defendant, but failed to appear and defend against the seizure, and 4th, that defendant has been wholly deprived of said cattle by reason of such seizure.

It is insisted by appellant that defendant should have alleged not only a seizure, but a judgment of a court of competent jurisdiction declaring that the cattle were smuggled and that plaintiff had notice and opportunity to come into court and defend the suit before his, plaintiff's right could be affected by said seizure. In support of this position we are cited to Article 3076 of the Revised Statutes of the United States, which is as follows :

"Any person claiming the property so seized, may, at any time within twenty days from the date of such publication, file with the collector or other officer a claim, stating his interest in the articles seized, and upon depositing with such collector or other officer, a bond to the United States in the penal sum of two hundred and fifty dollars with two sureties, to be approved by such collector or other officer, conditioned, that in case of the condemnation of the articles so claimed the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation, &c." It is not to be doubted but that the appellee might have proceeded under this provision of the Statute to make claim to the cattle, but the question is, was he bound to make such claim, and have the same adjudicated, before he could be permitted to set up a failure of consideration in the contract of sale against plaintiff's action seeking to enforce such contract ? We are not aware of any rule of law that thus restricts his rights and remedies. We understand the rule of law to be that the buyer may use a breach of warranty as a defense in an action for the price, or he may maintain a direct action for damages for the breach, without, in either case, giving notice to the seller of the breach before thus defending or suing. (5 Waits Ac. and Def., 628) We know of no rule of law which requires the buyer to engage in onerous litigation in defense of his title to property, which title the seller has warranted. If the property is taken from the buyer by a superior right to that conveyed by the seller, there is a breach of the warranty of title, and the right of the buyer to recover for such breach attaches at once, and is not dependant upon a judgment of a court of competent jurisdiction adjudicating that the seller's title

was invalid. It is alleged in this plea, however, that the plaintiff was notified at once of the seizure of the cattle. Such being the case, it was incumbent upon him to make good, if he could, the title he had warranted, and to appear and claim the property and give the bond required by the statute, and to assume all the burdens and expenses of protecting the property against the seizure. The seizure of the cattle by the authorized officer of the government was *prima facie* legal, and devolved the burden of proof that such seizure was illegal, upon the claimant of the property. (Rev. Stat. U. S. Art. 909.) Appellee was not bound to assume the burden of showing that the property was not subject to the seizure, but if he chose to rely upon his warranty, had the right to do so, and in so doing, forfeited no right to recover upon such warranty, when he had notified appellant of the facts. We are of the opinion, that whilst the plea of failure of consideration is not as full and specific in all respects in stating the defense, as it might have been, yet it stated a good and valid defense to the plaintiff's cause of action, and that the court did not err in overruling plaintiff's general demurrer to it. We will next consider the appellee's plea in reconvention. It claims damages resulting from the breach of appellant's warranty, in the aggregate sum of $582, specifying various items of such damage, which are alleged to be sufficiently, we think, the direct and natural result of the breach of the warranty. We are of the opinion that the plea is a sufficient one, and presents a good cause of action. It may be open to objections as to its form, but it was not excepted to specially, and being sufficient the court did not err in overruling the general demurrer to it. We are of the opinion that there is no material error in the charge of the court when considered as a whole, and that the evidence is sufficient to warrant the verdict of the jury both upon the defense of failure of consideration, and upon the plea in reconvention for damages. We think there is no substantial error in the judgment demanding its reversal, and believing that the justice of the case has been attained, and in accordance with the rules of law, the judgment is affirmed.